944 F.2d 902
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul LUSKIN, Defendant-Appellant.
 No. 90-7387.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 28, 1991.
Decided Sept. 23, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-87-478)
 Benjamin F.L. Darden, Law Offices of Morrie I. Levine, Miami, Fla., for appellant.
 Breckinridge L. Willcox, United States Attorney, Maury S. Epner, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Paul Luskin appeals from the district court's order denying in part his Fed.R.Crim.P. 35 motion. This Court has previously affirmed Luskin's convictions on numerous charges relating to his attempt to have his estranged wife Marie Luskin killed. United States v. Luskin, No. 88-5068 (4th Cir. Sept. 19, 1989) (unpublished). Recently, this Court affirmed the denial of Luskin's motion to vacate sentence pursuant to 28 U.S.C. § 2255. United States v. Luskin, --- F.2d ----, No. 907273 (4th Cir. Feb. 27, 1991). In that latest opinion, we concluded that Luskin's three consecutive sentences for violation of 18 U.S.C. § 924(c) were proper. He now argues that these sentences were improper for a slightly different reason. We find no merit to his argument and affirm the district court.
 
 
 2
 Luskin contends that the version of 18 U.S.C. § 924(c) which was in effect at the time he committed the criminal offenses required a provision for enhanced punishment in the underlying statute. Because his convictions for using interstate facilities in the commission of murder-for-hire and for conspiracy do not contain the enhancements, he argues that his § 924(c) convictions are illegal.
 
 
 3
 As is appropriate in every case which turns on statutory construction, we begin with the language of the statute. United States v. Jackson, 759 F.2d 342, 344 (4th Cir.), cert. denied, 474 U.S. 924 (1985). The 1986 version of the statute suffers from an unfortunate placement of commas, but the statute is not ambiguous. The language of the statute referring to enhanced punishment may only modify the immediately preceding phrase instead of the first phrase as Luskin argues. Moreover, even if we found the language of the statute to be ambiguous, we would find that Congress's clear intent was apparent from the legislative history. See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44 (1984).
 
 
 4
 Congress broadened the scope of § 924(c) in 1984 by clearly stating that the statute applied to offenses such as bank robbery which themselves contain enhancement provisions for the use of a firearm. See Senate Committee on the Judiciary, S.Rep. No. 98-225, 98th Cong., 2d Sess. 313, reprinted in 1984 U.S.Code Cong. & Admin.News 3182, 3491-92 (legislative history of Pub.L. 98-473). We have found no evidence that Congress intended to limit the scope of the statute to only such offenses. Rather, the later amendments to the statute show that Congress had no such intent.
 
 
 5
 We, therefore, affirm the district court's denial of relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.